WILLS (CONANT v.).  See Case No. 3,087.

## Case No. 17,773.

### WILLS et al. v. RUSSELL.

[Holmes, 228.] [1]

Circuit Court, D. Massachusetts.  June, 1873.

CUSTOMS DUTIES—VALUATION.

The value of an import is determined by the appraisal, and the duty fixed by law must be assessed by the collector upon the value so determined /

[Cited in U. S. v. Leng, 18 Fed. 22; U. S. v. McDowell, 21 Fed. 566; U. S. v. Doherty, 27 Fed. 733.]

Action [by R. A. Wills and others] against [Thomas Russell] the collector of Boston to recover duties paid by the plaintiffs under protest.

C. L. Woodbury, for plaintiffs.

George P. Sanger and P. Cummings, for defendant.

SHEPLEY, Circuit Judge.  Plaintiffs imported into the port of Boston one hundred and thirty bales of gunny-cloth, subject to the duty provided by the twenty-first section of the act of July 14, 1870 [16 Stat. 262]. This section imposed a duty of two cents per pound on gunny-cloth valued at seven cents or less per square yard, and three cents per pound when valued at more than seven cents per square yard.  The gunny-cloth was invoiced and entered at a value less than seven cents per square yard.  In due course, and in conformity with law and treasury regulations, the invoice was sent by the collector to the United States appraiser for his report. The appraiser returned his report that the invoice was correct, and valued the gunny-cloth under seven cents the square yard.  By order of the collector it was reappraised with a like result.  The collector not being satisfied with the appraisal, acting upon other information which he supposed would justify his action, exacted a duty of three cents per pound; this duty the plaintiffs paid, duly protesting against the payment, and in due time, and in accordance with law, brought this action to recover the extra one cent per pound.

The statute gives the collector the right to order the appraisers to make a re-appraisement.  It gives the importer the right to appeal to a new board of appraisers.  The appraisement determines the value of the import.  The collector determines the rate of duty fixed by law, and assesses it upon the value as found by the appraisement.

The collector cannot substitute his own appraisal in lieu of the one found by the legislative referees, the appraisers.  The excess of duty exacted in this case was on an assumed value, which the collector was not authorized by law to make the basis of the duty.  The importer was entitled to his goods on the pay-

ment of the duty on the appraised value; and, according to the agreed statement of facts, judgment is to be entered for the plaintiffs for the amount of the excess in gold, with interest and costs.

Judgment for plaintiffs.